ON DEFENDANTS’ MOTION TO DISMISS THE APPEAL
PER CURIAM.
Defendants filed a motion to dismiss this devolutive appeal on two grounds: (1) A motion by plaintiff for a new trial has not been disposed of and (2) the appeal was not taken, nor the security furnished, within the delay of 90 days, LSA-C.C.P. Article 2087.
The record shows that an exception of no cause of action filed by defendants was heard on October 7, 1969. At the conclusion of the hearing the court did not take the case under advisement. The judge gave oral reasons for his ruling that the exception should be sustained and stated that judgment dismissing plaintiff’s suit would be signed upon presentation. The record does not show that plaintiff made a request, under LSA-C.C.P. Article 1913, for notice of the date when the judgment was signed. Judgment dismissing plaintiff’s suit was read and signed in open court on October 13, 1969.
Plaintiff filed an application for a new trial on October 31, 1969. This application was not timely, LSA-C.C.P. Articles 1913 and 1974. On January 13, 1970, plaintiff filed a motion for a devolutive appeal which was granted conditioned upon plaintiff furnishing security in the sum of $300. The index to the transcript indicates a cash bond was deposited on that same date, January 13, 1970.
LSA-C.C.P. Article 2087 provides in pertinent part:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
In the present case there was no request for notice of the date judgment was signed, LSA-C.C.P. Article 1913. Therefore, the three day delay to apply for a new trial began on October 14, 1969 and ended October 16, 1969. The application for a new trial filed on October 31, 1969 was not timely and is of no effect under the provisions of LSA-C.C.P. Article 2087 quoted above. The failure of the court to grant or deny an untimely application for a new trial does not affect the delay for taking an appeal. Hence the 90 day delay for taking this devolutive appeal commenced on October 17, 1969 and ended on January 14, 1970. This devolutive appeal taken and perfected on January 13, 1970 was timely.
For the reasons assigned, the motion to dismiss the appeal is denied.
Motion to dismiss appeal denied.