LOTTINGER, Judge.
On July 10, 1970, this Court, ex proprio motu, examined the record in this case and could not find a devolutive appeal bond in the record and ordered the parties hereto to show cause, by briefs, why the appeal should or should not be dismissed. The defendants-appellees rightly contend that the appeal bond has not been filed herein and for that reason this appeal should be dismissed.
Plaintiffs, Thomas Dion et al, filed this action in March, 1965. Subsequently, by amended petition filed May 24, 1966, Humble was joined as a party defendant. Humble filed dilatory exceptions directed at the form of the petition and the sufficiency of the allegations, some of which exceptions were sustained by judgment dated July 3, 1968. Plaintiffs then filed a (second) supplemental and amended petition to which Humble filed similar dilatory exceptions, which were sustained. Thereafter, plaintiffs filed a (third) supplemental and amended petition, to which Humble again filed similar dilatory exceptions. Those exceptions were likewise sustained by judgment dated April 13, 1970, which judgment also ordered that plaintiffs’ original and supplemental petitions be dismissed as of nonsuit. From this judgment, on April 28, 1970, plaintiffs filed a motion for appeal.
The District Court granted a devolutive appeal, returnable to this Honorable Court *848 on June 26, 1970, conditioned upon the plaintiffs-appellants furnishing a bond in the amount of Five Hundred ($500.00) Dollars.
After the judgment of April 13, 1970, plaintiffs did not apply for a new trial. More than 90 days have passed since the expiration of the delay for applying for a new trial. Plaintiffs did not furnish an appeal bond within that period of time, as required by Article 2087 La.C.C.P. Failure to timely furnish the appeal bond destroyed plaintiffs’ right of appeal. Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968); Geisenheimer Realty Co. v. Board of Commissioners, 204 So.2d 628 (La.App. 4th Cir. 1967). Consequently jurisdiction of this Honorable Court, which was dependent “on the timely filing of the appeal bond” never attached. Article 2088 La.C.C.P.; Orrell v. Southern Farm Bureau Casualty Ins. Co, 248 La. 576, 180 So.2d 710 (1965); and Southern Construction Co. v. Housing Authority, 250 La. 569, 197 So.2d 628 (1967), where the Court held:
“When the law requires an appeal bond, no appeal is perfected until the bond has been filed. In the absence of an appeal bond, the jurisdiction of the Court of Appeal never attaches.” (197 So.2d at p. 630)
Under Article 2162 La.C.C.P. an appeal can be dismissed at any time “for lack of jurisdiction of the appellate court”. Britt v. Brocato, 170 So.2d 516 (La.App. 4th Cir. 1965), cert. den. 247 La. 618, 172 So.2d 701. Article 2161 La.C.C.P. is inapplicable. Orrell v. Southern Farm Bureau Casualty Ins. Co, supra; Pan American Petroleum Corporation v. Cocreham, supra.
On August 7, 1970, well beyond the 90 day period within which plaintiffs were required to file an appeal bond, plaintiffs obtained an ex-parte order from the District Court to the effect that the original Bond for Security For Costs, (dated April 7, 1967) which had been posted by plaintiffs during the initial stages of this case in the District Court to secure Humble’s costs in that court, should be “sufficient and apply to the bond for appeal” in this matter. Humble had no opportunity to contest that ex-parte motion — Humble was not even served with a copy of the motion until three days after the order had been signed. Notwithstanding, it was unnecessary for Humble to contest that motion in the Trial Court. Article 5125 La.C.C.P, which affords the party who furnishes an insufficient or invalid bond the opportunity to correct it, is not applicable where no appeal bond was timely filed. Central Louisiana Electric Company v. Brassette, 201 So.2d 686 (La.App.3rd Cir. 1967). And, since plaintiffs never filed an appeal bond within the 90 day period there was nothing to correct for insufficiency or invalidity.
Moreover, even if the Bond For Security For Costs were to be considered sufficient as an appeal bond, it could not have become an appeal bond until the signing of the order on August 7, which was well beyond the 90 day period within which plaintiffs were required to post their bond. Hence, the bond cannot be considered to have been timely filed and jurisdiction of this Court never attached.
For the above and foregoing reasons, the appeal in this matter is hereby dismissed at appellant’s costs.
Appeal dismissed.