LANDRY, Judge.
Defendant appeals the judgment of the City Court, City of Baton Rouge, in favor of plaintiff, on open account, in the sum of $509.80, with interest thereon from date of judicial demand, August 26, 1971, until paid, subject to a credit of $50.00 paid September 21, 1971. Although plaintiff has filed no formal motion to dismiss the appeal, it is suggested in brief that the appeal was not timely perfected and should be dismissed. Since the basis of the suggested dismissal relates to the jurisdiction of this court to entertain the appeal, we exproprio motu consider the merits of this issue and find the appeal must be dismissed.
The facts are undisputed. On September 28, 1971, pursuant to domiciliary service on defendant, plaintiff obtained judgment against defendant for dental serv *610 ices rendered, in the amount above stated, together with 25% attorney’s fees on both principal and interest. The decree amounted to a default judgment inasmuch as defendant made no appearance in the suit. In execution of the judgment, plaintiff obtained an order of garnishment resulting in the seizure of defendant’s bank account on January 10, 1972. A motion for new trial was filed by defendant on February 11, 1972, together with a motion to set the judgment aside on the grounds (1) that notwithstanding an agreement to settle the account, plaintiff proceeded to judgment; (2) the judgment erroneously allowed attorney’s fees, and (3) the garnishment was illegal because defendant was not served with a copy of the judgment. Both motions were considered by the trial court on February 29, 1972, and an order issued commanding plaintiff to show cause on April 21, 1972, why defendant’s motions should not be granted. Plaintiff opposed both motions on April 18, 1972. The motions were heard as ordered on April 21, 1972, on which date judgment was rendered ordering a new trial limited to the issue of attorney’s fees allowed in the initial judgment and judgment also rendered amending the original decree by eliminating the award of attorney’s fees, both litigants being present in court with their respective counsel. On April 25, 1972, judgment was signed in open court amending the original judgment as indicated! On May 9, 1972, notice of the judgment rendered April 21, and signed in open court April 25, 1972, was served upon defendant’s counsel of .record. On May 22, 1972, defendant suspensively appealed and posted bond.
Appellee concedes that notice of the judgment of September 28, 1971, was required inasmuch as the decree was predicated upon domiciliary service and defendant-appellant filed no answer. See LSA-C.C.P. art. 5002, which provides that in cases involving judgments of City Courts in excess of $100.00, notice of judgment is not required except as provided in LSA-C.C.P. art. 4898.
We note that LSA-C.C.P. 4898 (governing judgments of City Courts in the sum of $100.00, or less) requires notice of judgment only when defendant was not personally served and failed to answer.
It is obvious that when appellant’s motion for new trial was considered below, all parties and the lower court were of the view that no notice of the September 28, 1971 judgment had been served on appellant. The lower court’s granting of a new trial is unquestionably based on the assumption the motion was timely because the three day delay for applying for a new trial had never commenced to run because notice of judgment was never served as required by Articles 4898 and 5002, above.
The record reflects that notice of the September 28, 1971 judgment was served upon appellant. It also appears that when the transcript reached this court, the original return showing service of the judgment was not made part of the record. The duplicate copy of the record, however, contained a Xerox Copy of subject judgment with the following notation thereon: “INFORMATION FOR SERVICE: Please serve the defendant, Randy Webster, at 13633 Goodwood Drive, Baton Rouge, Louisiana.” Also appearing in the duplicate record was a Xerox copy of a receipt issued September 29, 1971, showing that a certified copy of the judgment was that day received by the Constable’s Office, City-Parish Government. The duplicate record also contained a Xerox copy of a return made by J. A. Giacone, Deputy Sheriff, East Baton Rouge Parish, attesting to personal service of the judgment on appellant at 13633 Goodwood Drive on October 18, 1971. After submission of this case, this court received from the clerk of the lower court, as part of the record, the original return indicating service of the judgment as above related.
*611 It is settled law that an application for new trial does not interrupt the delay for applying for a new trial (and hence the delays for appealing) unless the application is timely. LSA-C.C.P. arts. 1974, 2087 and 2123; Mid-States Insurance Company v. Ward, La.App., 187 So.2d 530. In this instance, the three day delay for applying for a new trial, as provided by Article 5002, above, commenced Tuesday, October 19, 1971, and expired Thursday, October 21, 1971. Appellant’s application for new trial, filed January 10, 1972, was untimely. It follows that the ten day delay for taking an appeal, as provided by LSA-C.C.P. art. 5002, above, commenced October 22, 1971, and expired long before the appeal was taken herein on May 22, 1972.
Subsequent to oral argument before this court and submission of this matter for decision, appellant, Randy Webster, moved to dismiss plaintiff’s action on the ground that City Court of Baton Rouge lacks jurisdiction of defendant’s person in that defendant-appellant did not reside within the court’s jurisdiction when this action was instituted. Appellant points out that the territorial jurisdiction of the lower court is confined to the municipal city limits of the City of Baton Rouge, and alleges appellant’s residence outside of said jurisdiction.
Assuming appellant’s position to be well founded, it cannot be considered under the procedural posture of this case. As previously shown, appellant having failed to timely appeal, this court is without jurisdiction to entertain the appellant’s appeal and grant appellant any relief whatsoever in this proceeding. LSA-C.C.P. art. 2088; Southern Construction Company v. Housing Authority of the City of Opelousas, 250 La. 569, 197 So.2d 628; Dion v. Knap, La.App., 242 So.2d 847.
This appeal having been untimely perfected, the court lacks jurisdiction. Clements v. Kimble, La.App., 239 So.2d 704.
The appeal is dismissed at appellant’s cost.