271 So.2d 546 (1972)
Sam J. SIRACUSA et al.
v.
Theodore F. KRAMER.
No. 9100.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
Rehearing Denied January 31, 1973.
Writ Refused March 15, 1973.
*547 Gerald F. Lofaso, and L. Milton Cancienne, Jr., Houma, for appellants.
Michael J. McNulty, Jr., Bauer, Darnall, McNulty & Broudreaux, Franklin, for appellee.
Before LANDRY, TUCKER and CUTRER, JJ.
LANDRY, Judge.
Plaintiffs appeal the dismissal of their possessory action involving a tract containing approximately 6.39 acres of land situated in Section 16, T. 16 S., R. 13 E., St. Mary Parish. We dismiss the appeal because of appellants' failure to perfect the appeal within 30 days as provided by LSA-C.C.P. art. 3662.
This action was tried below on April 19 and 20, 1971, and taken under advisement. On November 24, 1971, judgment was read, rendered and signed in open court in favor of defendant and rejecting plaintiffs' demands. On that same day, notice of said judgment was mailed to all counsel of record by the Clerk of Court. Appellants did not apply for a new trial. On January 31, 1972, appellants applied for and were granted a devolutive appeal conditioned upon their furnishing bond in the sum of $300.00. The required bond was posted February 9, 1972. Under the circumstances, we dismiss the appeal ex proprio motu.
When an appellant fails to timely take and perfect his appeal, the Appellate Court lacks jurisdiction to hear the appeal. In such instances, the Appellate Court may, on its own motion, recognize its lack of authority to entertain the appeal and dismiss same. Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666; Sidney Printing and Publishing Company v. Foshee, 205 So.2d 626.
The delay for taking an appeal in a possessory action is prescribed in LSA-C.C.P. art. 3662, which provides as follows:
"Art. 3662. Same; relief which may be granted successful plaintiff in judgment; appeal
A judgment rendered for the plaintiff in a possessory action shall:
(1) Recognize his right to the possession of the immovable property or real right, and restore him to possession thereof if he has been evicted, or maintain him in possession thereof if the disturbance has not been an eviction;
(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief; and
(3) Award him the damages to which he is entitled and which he has prayed for.
A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal *548 may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(1)-(3)."
The last paragraph of the foregoing codal article specifically states that in a possessory action a devolutive appeal may be taken only within thirty days of the date provided in LSA-C.C.P. art. 2087(1)-(3).
Appellants contend that the provisions of Article 3662, above, are inapplicable to an unsuccessful plaintiff in a possessory action inasmuch as the title thereto indicates its purpose is to define the relief available to a successful plaintiff in such an action. We find the argument without merit. Subject Article does indeed define the relief a successful plaintiff may obtain in a possessory action. However, it also fixes the time in which either a suspensive or devolutive appeal may be taken from a judgment rendered in such cases. The language of the article indicates beyond doubt its intent to apply to an appeal taken by any party in a possessory action. Our conclusion in this regard is substantiated by Official Revision Comment (d) to Article 3662, above, which states:
"(d) By limiting the period for a devolutive appeal to thirty days, the last paragraph expedites a definitive judgment in the possessory action."
The pertinent provision makes no distinction between an appeal taken by a plaintiff and one taken by a defendant in a possessory action. It was obviously intended to govern an appeal taken by any party in a possessory action, and we so hold.
LSA-C.C.P. art. 2087 stipulates that, except as otherwise provided for by law, a devolutive appeal may be taken, and the security therefor furnished within ninety days of expiration of the delay for applying for a new trial as provided in LSA-C. C.P. art. 1974. The instant case is an exception to the 90 day provision contained in Article 2087, above, in that Article 3662 expressly provides for a thirty day delay. Appellants were therefore required to devolutively appeal within 30 days of expiration of the delay for applying for a new trial.
The delay for applying for a new trial is three days, exclusive of holidays, commencing the day after the clerk has mailed or the sheriff has served notice of judgment when notice is required. LSA-C.C.P. art. 1913.
In this instance, the matter having been taken under advisement, notice of judgment was required. LSA-C.C.P. art. 1913.
Notice of judgment was given in this matter on Wednesday, November 24, 1971. Thursday, Friday, Saturday and Sunday, November 25, 26, 27 and 28, 1971, were legal holidays. The delay for appellants applying for a new trial commenced Monday, November 29, 1971, and expired Wednesday, December 1, 1971. The thirty day delay for appeal herein consequently commenced Thursday, December 2, 1971, and terminated Monday, January 3, 1972, because Friday, December 31, 1971, and Saturday and Sunday, January 1 and 2, 1972, were legal holidays. It follows that the appeal taken herein on January 31, 1972, and the posting of bond on February 9, 1972 were untimely, and this court is without jurisdiction to entertain same.
Accordingly, the appeal is dismissed at appellants' cost.
Appeal dismissed.