HOOD, Judge.
This is an action for damages. The'trial court rendered judgment on the merits in favor of plaintiffs, and defendant appealed. We have decided that defendant did not appeal timely, and that his appeal thus must be dismissed.
The case was tried on April 3, 1973, and on the same day the trial judge assigned oral reasons and rendered judgment in favor of plaintiff. The case was not taken under advisement, and no request was made for notice of the date when the judgment was signed. The formal judgment was read and signed on April S, 1973.
Defendant filed a motion for a new trial on May 23, or about 48 days after the judgment had been signed. A hearing was held and judgment was rendered by the trial court denying the motion for a new tiral on October 4, 1973.
Defendant filed a motion for appeal on October 10, 1973, and an order was signed on that date granting a suspensive and devolutive appeal to defendant and fixing the appeal bond. The appeal bond was filed on October 11, 1973.
In view of the fact that the trial court rendered judgment at the conclusion of the trial, the case not having been taken under advisement, and since no request was made for notice of the date when the judgment was signed, notice of the signing of the judgment on April 5, 1973, was not required. LSA-C.C.P. art. 1913. The delay for applying for a new trial thus began to run on April 6, 1973, that being the day after the judgment was signed. LSA-C. C.P. art. 1974. April 7 and 8 were holidays so the delay allowed for applying for a new tiral expired on April 10, 1973. Defendant did not apply for a new trial until several weeks after that date. His application for a new trial thus was not timely.
Since there was no timely application for a new trial, the period allowed for perfecting a suspensive or devolutive appeal began to run on April 10, 1973. LSA-C.C.P. arts. 2087 and 2123. The IS *208 days delay for taking a suspensive appeal thus expired on April 25, and the 90 day delay for taking a devolutive appeal expired on July 9, 1973. Defendant did not appeal until October 10, 1973, which was long after those delays had expired.
An application for a new trial does not affect, interrupt or extend the delay allowed for taking an appeal unless the application is timely filed. Carona v. Webster, 270 So.2d 609 (La.App. 1 Cir. 1972); American Laminating Manufacturing Company v. Attaway, 232 So.2d 131 (La.App. 3 Cir. 1970); Dantagnan v. Mancuso, 267 So.2d 732 (La.App. 4 Cir. 1972). The motion for a new trial filed by defendant in the instant suit was not timely, so the filing of that motion did not affect or extend the delays for appealing which began to run on April 10, 1973. It is immaterial that a hearing was held on the motion for a new trial or that the trial court rendered judgment denying that motion.
Since the appeal in the present case was not timely, this court is without jurisdiction to entertain the appeal or to grant the appellant any relief whatsoever in this proceeding. Carona v. Webster, supra. Although neither party has raised the issue of the validity of the appeal, the question is one of jurisdiction, and we ex proprio motu recognize our lack of authority to review the case. Siracusa v. Kramer, 271 So.2d 546 (La.App. 1 Cir. 1972); Sidney Printing and Publishing Company v. Foshee, 205 So.2d 626 (La.App. 1 Cir. 1967).
We find no merit to defendant’s argument that the delay allowed for applying for a new trial and for appealing was extended because of plaintiff’s alleged “acquiescence” in a motion to estop the execution of the judgment.
On May 7, 1973, plaintiffs obtained an order authorizing them to examine the judgment debtor. Shortly thereafter defendant filed a motion to estop the execution of the judgment and to set aside the order for the examination of the judgment debtor. On May 22 counsel for plaintiffs advised the court that “he has no opposition to the motion.” Defendant then applied for a new trial on May 23. A hearing was held on the motion to estop execution of the judgment and the motion for a new trial on October 4, 1973, and the trial court denied both of those motions on that date. Defendant appealed on October 10, 1973.
We do not construe the action taken by plaintiffs on May 22, 1973, as an “acquiescence” in defendant’s argument that the latter was entitled to notice of the signing of the judgment, and that the delays for applying for a new trial did not begin to run until after such a notice was mailed. Even if such an intent should be attributed to plaintiffs, or if that construction should be placed on their actions, we conclude that that acquiescence did not have the effect of extending the time allowed by law for applying for a new trial or for taking an appeal.
Our conclusion is that defendant failed to appeal timely, and that this court has no jurisdiction or authority to review the case.
For the reasons assigned, the appeal taken by defendant in this case is dismissed. All costs of this appeal are assessed to defendant-appellant.
Appeal dismissed.