295 So.2d 227 (1974)
Whitney Lynn BROUSSARD et al., Plaintiffs and Appellees,
v.
Aleus DAIGLE et al., Defendants and Appellants.
No. 4551.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
*228 James F. Abadie, Baton Rouge, for defendants and appellants.
Hugh W. Thistlethwaite, and Albert J. Boudreaux, Opelousas, for plaintiffs and appellees.
Before CULPEPPER, MILLER and WATSON, JJ.
CULPEPPER, Judge.
We dismiss this appeal on our own motion for lack of jurisdiction, since the devolutive appeal bond was not timely filed.
The facts are that the final judgment was signed on May 7, 1973. A certificate of the clerk of court shows that on that same date notice of judgment was mailed to counsel of record. There was no application for a new trial. On May 15, 1973, defendants' motion for devolutive appeal was granted conditioned on their furnishing bond in the sum of $250. The bond was not furnished until January 8, 1974, on which date the defendants posted a cash bond.
LSA-C.C.P. Article 2087 provides that a devolutive appeal must be taken within 90 days of the expiration of the delay for applying for a new trial, if no application for a new trial is timely made. In this case, there was no application for a new trial. Consequently, the 90-day delay for perfecting a devolutive appeal commenced to run on the expiration of the period allowed for applying for a new trial.
LSA-C.C.P. Article 1974 provides that the delay for applying for a new trial shall be three days, exclusive of legal holidays, beginning on the day after judgment is signed, except where notice is required. When notice of judgment is required under Article 1913, the delay for applying for a new trial commences to run on the date after the clerk has mailed the notice of judgment as required by Article 1913. In the present case the notice of judgment was mailed on May 7, 1973. Therefore, the delay for applying for a new trial commenced on May 8, 1973 and ended on May 10, 1973. The 90-day delay for perfecting a devolutive appeal commenced on May 11, 1973 and expired on August 8, 1973. The appeal was not perfected until January 8, 1974, on which the cash bond was furnished. This was five months too late.
Where the required bond for a devolutive appeal is not filed within the 90-day delay, the reviewing court is without jurisdiction to entertain the appeal and the appeal must be dismissed. If there is no motion to dismiss the appeal, it must be dismissed on the court's own motion, LSA-C.C.P. Article 2162; Uniform Rules of the Courts of Appeal of the State of Louisiana, Rule VII, Section V(c); Wright v. Mark C. Smith & Sons, La., 283 So.2d 85 (1973); Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1st Cir. 1968); Dion v. Knap, 242 So.2d 847 (La.App. 1st Cir. 1970).
For the reasons assigned, defendants' appeal is dismissed.
Appeal dismissed.