HOOD, Judge.
This is an action for separation from' bed and board, and for child custody and child support, instituted by Cynthia Jean Monsour against her husband, Glen Mich-ell Monsour. Judgment was rendered in favor of plaintiff, and defendant appealed. We are dismissing the appeal ex proprio motu, because we find that the appeal was not timely perfected.
The case was tried on December 7, 1973, and judgment was rendered at the conclusion of the trial in favor of plaintiff granting her substantially all of the relief which she sought. A formal decree to that effect was signed by the trial judge on that day, December 7, 1973. A notice of the signing of that judgment was not required, since the case was not taken under advisement and no request was made for such a notice. LSA-C.C.P. art. 1913.
Immediately after the judgment was signed, and on the same day, defendant moved for and was granted an appeal to this court. The appeal was made returnable on February 5, 1974, and the bond for that appeal was set at $75.00. The appeal bond was not filed until February 4, 1974. Thereafter, upon application of the Clerk, the return date was extended, and eventually the record was lodged in this court on April 3, 1974.
Articles 3942 and 3943 of the Louisiana Code, of Civil Procedure provide that an appeal from a judgment granting a separation from bed and board, custody and alimony can be taken only within 30 days from the applicable date provided in Article 2087(l)-(3). Article 2087 provides, insofar as it is applicable here, that the above mentioned 30 day period allowed for taking an appeal begins to run at the expiration of the delay for applying for a new trial, if no application has been timely filed. Neither party applied for a new trial in this case, and the delay for doing so expired three days, exclusive of holidays, after the judgment was signed. LSA-C.C.P. art. 1974.
According to our computations, the 30 day period allowed for taking an appeal in this case began to run on December 13, 1973, and it expired on January 14, 1974. In order to timely perfect the appeal it was necessary for the appellant to furnish the security therefor, or to file the appeal bond, within the time allowed for appealing, that is, by January 14, 1974. LSA-C. C.P. art. 2087; Vignes v. Vignes, 236 So. 2d 582 (La.App. 1 Cir. 1970); McNeill v. McNeill, 257 So.2d 767 (La.App. 4 Cir. 1972). We have already noted that the appeal bond was not filed in this case until February 4, 1974, more than two weeks after the delay allowed for perfecting the appeal had elapsed.
The jurisdiction of the trial court is not divested, and that of the appellate court does not attach, unless the appeal bond is filed in the trial court within the time allowed by law for taking the appeal. LSA-C.C.P. art. 2088; Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710 (1965); Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968). Since the appeal was not timely perfected in the instant suit, we have never acquired jurisdiction, and the appeal thus must be dismissed.
For the reasons assigned, the appeal is hereby dismissed.
Appeal dismissed.