SARTAIN, Judge.
This proceeding involves a contest over the appointment of a tutor and an undertutor of the surviving children of Martha Matthews Jones, who died intestate on the 9th day of September, 1973, at her domicile in Livingston Parish, Louisiana.
Letters of tutorship were first ordered for the appointment of Clarence Matthews on November 9, 1973. Mr. Matthews is the maternal uncle of the children.
On November 26, 1973, George N. Jones obtained a judgment appointing him natural tutor of the children. This latter judgment did not specifically revoke the previous appointment of Mr. Matthews.
Both of these parties filed motions prompting the issuance of rules nisi directing the other to show why his respective appointment should not be vacated and set aside, the matter was assigned for and heard on January 25, 1974. At the conclusion of the hearing and in the presence of counsel and both parties, the District Judge, for oral reasons assigned, rendered judgment revoking the appointment of Mr. Matthews. It is from this judgment that Mr. Matthews has appealed.
We must dismiss the appeal on our own motion for lack of jurisdiction because the appeal was not taken timely.
C.C.P. Art. 4068 requires that an appeal from a judgment confirming, appointing or removing a tutor must be taken within thirty days from the applicable date provided for in C.C.P. Art. 2087(l)-(3).
At the conclusion of the hearing and following the trial judge’s oral reasons for judgment, counsel stipulated that the judgment could be signed “in any parish in the district.” Neither counsel requested notice of the signing of the judgment. Absent such request, neither is entitled to such notice. C.C.P. Art. 1913; Castille v. Castille, 221 So.2d 834 (La.App. 1st 1969).
The judgment which was rendered on January 25, 1974 was signed on January 29, 1974 in Tangipahoa Parish and received and filed with the Clerk of Court for Livingston Parish on January 30, 1974. Therefore, the delays for applying for a rehearing commenced on the following day, January 31, 1974. Appellant had until February 4, 1974, to apply for a rehearing. (February 2 and 3, 1974 were a Saturday and Sunday) Appellant did not make application for a rehearing until February 7, 1974, some three days after he was entitled to do so. The untimely application for a rehearing has no effect on the delays for perfecting an appeal. Brown v. Theriot, 293 So.2d 206 (La.App. 3rd 1974); Carona v. Webster, 270 So.2d 609 (La.App. 1st 1972).
*700 Inasmuch as appellant had until February 4, 1974 to apply for a rehearing, the thirty day delay in appealing the judgment complained of commenced to run on Feburary 5, 1974 and expired on March 6, 1974. Appellant’s motion for appeal was not filed until April 22, 1974 and the bond was not furnished until May 2, 1974.
Accordingly, for the above reasons, appellant’s appeal is dismissed at his costs.
Appeal dismissed.