SARTAIN, Judge.
At issue in this cause is the position of administrator of the succession of Martha Matthews Jones. Mrs. Jones died intestate at her domicile in the Parish of Livingston on September 9, 1973. She was survived by her husband, George N. Jones, from whom she was judicially separated, one major and four minor children.
Initially decedent’s succession was opened on November 16, 1973, on the petition of her brother, Clarence Matthews, a *701 resident of Mississippi. Attached to his petition was an inventory and appraisement dated September 25, 1973. An order was signed by the district judge on November 19, 1973, appointing Mr. Matthews administrator, subject to his furnishing bond in the amount of $1,000.00 and the taking of oath as prescribed by law. His appointment was certified by the Clerk of Court on November 20, 1973.
On December 10, 1973, George N. Jones petitioned by rule for the removal of Mr. Matthews and the appointment of himself as administrator. The matter was assigned for hearing on January 25, 1974 and was consolidated with a similar rule contesting the position of tutor and undertutor of decedent’s minor children. See: In Matter of Tutorship of Jones, La.App., 310 So.2d 698, and our judgment of this date dismissing appellant’s (Matthews) appeal for lack of jurisdiction because the appeal was not timely.
Mr. Jones alleged in his motion that he was the surviving spouse of the decedent and duly qualified tutor of decedent’s minor children. He further asserts that the appointment of Matthews, a non-resident, was contrary to C.C.P. Art. 3097(4) [1] because a resident of Louisiana was not designated as agent for service of process.
The trial judge at the conclusion of the hearing rendered judgment revoking and setting aside the appointment of Mr. Matthews and designated George N. Jones as the administrator of decedent’s succession. We affirm.
C.C.P. Art. 3098 lists the priority of appointment of administrators as follows:
Art. 3098. Priority of appointment
When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
(1) The best qualified among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased ;
(2) The best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased; and
(3) The best qualified of the creditors of the deceased. “Best qualified,” as used in his article, means the claimant best qualified personally, and by training and experience, to administer the succession. As amended Acts 1964, No. 4, § 1.
Counsel for appellant argues very strongly that Mr. Jones is presently under indictment for the alleged murder of the decedent.
Appellee counters with the argument that he was indicted only and that the indictment standing alone is insufficient to disqualify him. In addition, he argues that as legal representative of decedent’s chil *702 dren he is the logical person to serve as administrator of her succession. It is not disputed that the property belonging to the estate of decedent was her separate property and will be inherited in its entirety by the minors and one major heir. The major heir made no appearance in this or the tutorship proceeding.
The two older minors were issue of a prior marriage of decedent but were adopted by Jones following his marriage to her. The two younger minors are issue of the union between Mr. Jones and decedent.
The trial judge in his oral reasons for judgment stated forthrightly that Mr. and Mrs. Matthews were sincere and capable persons and would make excellent custodians of the children, but that their interests must yield to the paramount interest of the father. While this statement must be viewed in the context of the tutorship controversy, it is also pertinent in the instant controversy. We say this because the record contains no evidence whatsoever, save the indictment, that Jones is an untrustworthy person or unfit for the appointment because of bad moral character. (C.C.P. Art. 3097(6), footnote 1 above). As a matter of fact, the record clearly preponderates to the effect that he was attentive to his children’s needs. Numerous persons, business associates and neighbors, testified as to his good character and the manner in which he cared for his children.
Appellant offered no probative evidence that would dispute the findings of the trial judge. He commented that he felt that if such evidence was available it would have been brought forward.
The circumstances surrounding the death of the decedent were not brought out during the course of the hearing. The only question asked Jones was whether he killed his wife and he responded by saying: “I don’t know if I did or not. They found her, she was dead, and they say I shot her.” Absent any other evidence that Mr. Jones is possessed of dangerous propensities or other traits that would tend to show that he was a person of bad character, we must concur in the view of the trial judge that he stands accused of a crime and is presumed innocent until proved guilty. Inasmuch as Mr. Jones was permitted out on bail following the indictment and pending trial, we can only assume that there must be some mitigating circumstances unrevealed by the record relative to the death of his wife, because the accused in such an offense is generally not permitted bail.
It is clear that at the time of Mr. Matthews’ original appointment he had not designated an agent for service of process and had not done so even prior to the time the rule was filed by Mr. Jones seeking his removal. Therefore, grounds did exist for his disqualification. C.C.P. Art. 3097(4). It was during the course of the hearing that Mr. Matthews designated a resident agent to represent him. The question then arises as to whether it was within the discretion of the trial judge to accept the offering, thus curing the defect in his appointment, or recall and vacate the appointment and designate Mr. Jones as the administrator.
We find that it was within the sound discretion of the trial judge to recall the original appointment and designate Mr. Jones as the administrator of his wife’s estate. Absent any showing that Mr. Jones was not otherwise disqualified, we think that he is the logical choice because he also serves as the legal representative of the minor heirs of the decedent. C.C.P. Art. 3098(1).
Accordingly, for the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.

. Art. 3097. Disqualifications.
No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is :
(1) Under eighteen years of age;
(2) Interdicted, or who, on contradictory hearing, is proved to be mentally incompetent;
(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding ;
(5) A corporation not authorized to perform the duties of the office in this state; or
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.
No person may be appointed dative testamentary executor, provisional administrator,- or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased.