COVINGTON, Judge.
On January 17, 1974, Mrs. Niki Laman-tia David, formerly Niki Lamantia Reeves, filed a petition for a Rule Nisi in which she prayed that the order granting her $60.00 per month for each of the two minor children, rendered and signed on December 13, 1963, be amended, and that Charles Edward Reeves be ordered to pay to her, for the support and maintenance of the minor children, an amount not less than $450.00 per month.
At the conclusion of the hearing on this rule, the trial judge, giving oral reasons, rendered judgment in favor of Niki La-mantia David, ordering Charles Edward Reeves to pay $800.00 per month to Mrs. Niki Lamantia David, for the support of the two minor children, Charles Edward Reeves, Jr. and Carla Reeves. From that judgment the defendant filed this appeal.
The plaintiff-appellee has filed a Motion to Dismiss, the appeal, alleging that it was not timely perfected.
It appears from the record that the rule was heard, and oral reasons for judgment assigned, at the conclusion of the hearing on July 12, 1974. A formal judgment was also signed in open Court on that date.
LSA-C.C.P. arts. 3942 and 3943 provides that an appeal from a judgment awarding custody of a person or alimony can be taken only within thirty days following the delays provided in Article 2087 (1) — (3).
Since this case involved the awarding of alimony, the thirty days for an appeal must govern. LSA-C.C. art. 230 lends itself to an appreciation that child support and alimony are used interchangeably. The jurisprudence also supports this position; see Picinich v. Picinich, 271 So.2d 670 (La.App. 1st Cir., 1972).
Being satisfied that this case falls squarely under the provisions of LSA-C.C.P. ar- *163 tides 3942 and 3943, as they relate to this appeal, we now turn to the record to see if the appeal is timely. As previously noted, judgment was rendered at the conclusion of the hearing on July 12, 1974, and also signed on that day, with both parties litigant being present in court and represented by counsel.
The defendant-appellant, Charles Edward Reeves, filed a “Rule for Remitti-tur and Alternatively for New Trial” on July 19, 1974. LSA-C.C.P art. 1974, as it was when this case was tried in the lower court, provides that the delay for applying for a new trial shall be three days after the judgment is signed, exclusive of legal holidays; it further provides for certain modes of notice. However, under the outlined facts, the notice provided by LSA-C. C.P. art. 1913 was not required. Therefore, the delay for applying for a new trial began to run on Monday, July 15, 1974, the 13th and 14th being legal holidays, and ended on July 17, 1974; appellant filed his rule on July 19, 1974. This was two days too late; accordingly, the rule was not timely filed. In Brown v. Theriot, 293 So.2d 206 (La.App. 3rd Cir., 1974) our brothers of that circuit held that:
“An application for a new trial does not affect, interrupt or extend the delay allowed for taking an appeal unless the application is timely filed. Carona v. Webster, 270 So.2d 609 (La.App. 1 Cir. 1972); American Laminating Manufacturing Company v. Attaway, 232 So.2d 131 (La.App. 3 Cir. 1970); Dantagnan v. Mancuso, 267 So.2d 732 (La.App. 4 Cir. 1972).” (Emphasis added).
Appellant’s failure to timely apply for a new trial did not interrupt the delay for this appeal, which began to run on July 18, 1974, and ended on August 17, 1974. The record reveals that the appeal bond was given on September 30, 1974, or approximately six weeks after the last day for filing same. In Monsour v. Monsour, 295 So.2d 199 (La.App. 3rd Cir., 1974), it was held that:
“The jurisdiction: of the trial court is not divested, and that of the appellate court does not attach, unless the appeal bond is filed in the trial court within the time allowed by law for taking the appeal. LSA-C.C.P. art. 2088; Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710 (1965); Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968).”
The admission by appellee in her brief, that her Motion to Dismiss the appeal was not filed within the three-day delay provided by LSA-C.C.P. art. 2161 is inconsequential because the same results would follow if no motion had been filed. The Court of Appeal must notice, sua sponte, lack of jurisdiction; Siracusa v. Kramer, 271 So.2d 546, (La.App. 1st Cir. 1972), writ denied 273 So.2d 843; Brown v. Theriot, supra; Malbrough v. Kiff, 312 So.2d 915, (La.App. 1st Cir., 1975); LSA-C.C.P. arts. 2087, 2123. In Broussard v. Daigle, 295 So.2d 227 (La.App. 3rd Cir., 1974), the court held:
“If there is no motion to dismiss the appeal, it must be dismissed on the court’s own motion, LSA-C.C.P. Article 2162; Uniform Rules of the Courts of Appeal of the State of Louisiana, Rule VII, Section V(c); Wright v. Mark C. Smith & Sons, La., 283 So.2d 85 (1973); Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1st Cir. 1968); Dion v. Knap, 242 So.2d 847 (La.App. 1st Cir. 1970).”
The appeal is dismissed, with costs to be paid by the defendant-appellant.
Appeal dismissed.