PRICE, Judge.
Loyd C. Fox and Sherwin-Williams Company have appealed the judgment rendered in a summary proceeding brought by American Bank and Trust Company in Monroe to have certain lienholders show cause why their claims should not be declared inferior to an interim construction mortgage held by the bank.
This court has no jurisdiction over the devolutive appeal taken by Fox since the bond was not timely filed, and it is ordered dismissed. Judgment was rendered and signed by the trial court on December 9,1976, and notice of judgment was mailed to the attorney for Fox on December 10, 1976. There was no application for a new trial. Fox obtained an order for a devolu-tive appeal on February 8, 1977, and bond was fixed by the trial court. The prescribed bond was not filed until February 22, 1977, more than sixty days after the delay for applying for a new trial. Therefore, the security was not furnished timely as required by La.C.C.P. Art. 2087, as amended by Act 201 of 1976, Sec. 1. The judgment against Fox has become final, and this court must notice its lack of jurisdiction and dismiss the appeal. See Brous-sard v. Daigle, 295 So.2d 227 (La.App. 3rd Cir. 1974).
The issue presented on appeal by Sherwin-Williams Company is whether its materialman’s lien filed on an apartment project built by Carson Homes, Inc., in Monroe is subordinate to the interim financing mortgage of American Bank because the mortgage was recorded prior to any work begun or material furnished as provided in the lien statute LSA-R.S. 9:4812. The trial court held the mortgage was recorded prior to commencement of any work or delivery of material and recognized the preference of the bank’s mortgage. We affirm.
The property on which the apartment project was built was acquired by Carson Homes, Inc., on October 9,1973. The interim construction mortgage of Carson Homes to American Bank was recorded on October 10,1973. Appellant contends the developer, Carson Homes, performed grading work and placed some construction materials on the job site prior to the date of recordation of mortgage which gives appellant’s lien preference over the bank’s mortgage under the ranking provisions of the lien statute.
In support of its claim, appellant presented the testimony of Loyd C. Fox, the manager of the project for Carson Homes, and several other persons who contend they visited the building site during the critical time frame. They testified that a Carson Homes’ truck loaded with plywood had been parked on the construction site prior to *990 October 10th, and that a portion of this material had been used later in the construction. They also testified that a quantity of reinforcement rods and wire mesh were stored on the site prior to this date.
A tractor driver employed by Fox testified he had done some leveling of dirt on the subject tract prior to October 10th.
The record shows the tract on which the project in question was constructed was adjacent and contiguous to a completed apartment project previously constructed and still owned by Carson Homes. The boundary between the new tract and the old project was not visually discernable. The materials alleged to have been placed on the new site were in the vicinity of the boundary between these two tracts.
The trial judge found the testimony of an elderly couple, Mr. and Mrs. Dan Shields, who lived in a small house on the rear of the subject property through the date of November 1, 1973, to be controlling. They testified no work was done or material placed on the property prior to their moving. Two of the persons who sold the property to Carson Homes testified they had no knowledge of any work having commenced until after the sale was consummated on October 10th.
The trial judge found that the evidence did not establish the reinforcing rods or wire were actually on the construction site. He concluded the parking of a truck loaded with plywood near the common property line and an inconspicuous amount of grading by the developer is not sufficient to show a commencement of work as intended by the lien statute.
These are mostly factual matters and revolve primarily around the evaluation of the credibility of the conflicting testimony. The conclusion reached by the trial judge is a reasonable interpretation of the evidence and should not be disturbed by us.
The appeal of Loyd C. Fox is dismissed, and the judgment appealed by Sherwin-Williams Company is affirmed at its cost.