SARTAIN, Judge.
Cynthia Workman Moses brings this appeal from a judgment of the trial court removing her as administratrix of her husband’s succession and appointing the deceased’s brother as administrator. At the time of the action of the trial court appellant was under indictment for the first degree murder of her husband and was incarcerated in the St. Tammany Parish Jail. The issue for our determination is whether the trial judge manifestly erred in his factual finding that Mrs. Moses was incapable of discharging her duties as administratrix. C.C.P. Art. 3182. We find no error and therefore affirm.
C.C.P. Art. 3182 provides in pertinent part that the court “may remove any succession representative who has become incapable of discharging the duties of his office. . . ” In the exercise of the discretion accorded the court under the article, incarceration of a succession representative is just one of the factors that may be considered by the court. It may have been recently imposed so as not to have yet affected the representative’s ability to perform his duties. It may be of short duration. Or, it may be for an indefinite period of time as in the case at bar. The test is, considering all of the circumstances, whether such incarceration has in fact adversely affected the representative’s ability to serve to the detriment of the succession. The record shows that the property of the succession has not been well-maintained during Mrs. Moses’ administration.
The case relied upon by Mrs. Moses, Succ. of Jones, 310 So.2d 700 (La.App. 1st Cir. 1975), is factually distinguishable. There the administrator, although under indictment for murder, was out on bond. He was found to be capable of performing his duties.
*255 The appointment of deceased’s brother as successor administrator was also clearly correct. After Mrs. Moses’ removal, he became the only qualified applicant. He is the legal representative of the minor heirs. C.C.P. Arts. 3097, 3098(1). Although he is a non-resident he has appointed an agent for service of process. C.C.P. Art. 3097(4).
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s costs.
AFFIRMED.