GUIDRY, Judge.
MOTION TO DISMISS
Kennith Rayburn Dupree, defendant-appellant, appeals from a judgment condemning him to pay $350.00 per month child support to plaintiff-appellee Lorris Ann Ar-doin. We dismiss the appeal as not being timely filed.
This action was tried on August 11, 1981. On August 13, 1981, judgment was read, rendered and signed in favor of plaintiff-appellee and rejecting defendant-appellant’s demands. Appellant did not apply for a new trial. On November 9, 1981 the appellant submitted a new judgment to the trial court to have signed contending the judgment of August 13, 1981 was not approved as to form by the attorneys for both parties. On December 9, 1981, appellant applied for and was granted a devolutive appeal. Under these circumstances, we dismiss the appeal ex proprio motu.
When an appellant fails to timely take and perfect his appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may, on its own motion, recognize its lack of authority to entertain the appeal and dismiss same. Siracusa v. Kramer, 271 So.2d 546 (La.App. 1st Cir. 1972).
Article 1951 of the Code of Civil Procedure provides for permissible amendments to judgments by the trial court.
Art. 1951.
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
The amendment made in the judgment signed on November 9, 1981 was one permitted by LSA-C.C.P. art. 1951 authorizing an amendment of the final judgment signed on August 13, 1981. The judgment of November 9, 1981 altered the phraseology by qualifying that child support was being increased from the sum of $100.00 per month to the sum of $350.00 per month, as opposed to1 the judgment of August 13, 1981 which stated that appellant would pay increased child support in the amount of $350.00 per month. Therefore, it is clear to this court that the substance of the two judgments, the award of $350.00 per month child support, has not been altered.
The time delays for taking an appeal for a judgment involving child support are provided in LSA-C.C.P. Articles 2087, 3942 and 3943 which provides as follows:
Art; 2087. Delay for taking devolutive appeal
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
*1299 (1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
Art. 3942. Appeal from judgment granting or refusing annulment, separation, or divorce
An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3).
Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.
Art. 3943. Appeal from judgment awarding custody or alimony
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.
No motion for a new trial was filed by plaintiff-appellant. The seven days for that application and the thirty (30) days for perfecting a devolutive appeal elapsed before any action was taken by appellant. Since the order of appeal was obtained after applicable delays, the appeal must be dismissed.
APPEAL DISMISSED.