GUIDRY, Judge.
Reference is made to the judgment of this court dated February 24, 1982, rendered in proceeding number 82-67, wherein we dismissed defendant-appellant’s appeal from a judgment of the trial court rendered in the captioned matter on August 13, 1981, as untimely. 410 So.2d 1297.
Subsequent to the rendition of our aforesaid judgment, and specifically on March 24, 1982, the district court, presumably on its own motion, granted the parties a new trial from its previous judgment dated August 13, 1981. The new trial was held instanter, the parties simply offering in evidence all testimony taken in connection with the previous hearing in August, 1981, and on that day, the trial court judgment as follows:
“All right, and the court’s judgment will be the same as was rendered in the previous proceedings, formal decree to that effect to (sic) signed upon presentation.”
On March 29, 1982, the district judge read and signed a formal judgment identical in substance with that previously rendered on August 13, 1981. On April 14,1982 the trial court, on motion of defendant-appellant, signed an order of devolutive appeal made returnable to our court on May 1,1982. We dismiss defendant-appellant’s appeal ex pro-prio motu.
The proceedings conducted in the trial court in March of 1982 were totally without authority and obviously conducted in an attempt to avoid the effect of our previous judgment which dismissed defendant-appellant’s appeal from the August, 1981 judgment as untimely. A trial court may grant a new trial on its own motion within the delay provided by LSA-C.C.P. Article 1974 but cannot do so later. Langston v. Willis, *649 177 So.2d 620 (La.App. 4th Cir. 1965) and cases therein cited. The trial court’s order in March, 1982 granting a new trial and its subsequent judgment rendered and signed on March 29, 1982 are absolutely null and void. We strongly disapprove of these further proceedings which, as aforestated, were obviously conducted so as to afford the defendant-appellant the opportunity to untimely appeal from the judgment of August 13,1981 in derogation of our judgment rendered in proceeding number 82-67. The actions of the trial court and the attorneys involved have caused a wasteful expenditure of judicial time and efficiency.
APPEAL DISMISSED.