YARRUT, Judge.
This is a motion to dismiss an appeal because Defendant filed his appeal bond one day too late. Plaintiff relies on LSA-C.C. P. art. 2087 which provides that a devolu-tive appeal must be taken and the security furnished therefor within 90 days after the expiration of the delay for applying for a new trial when no application for a new trial has been filed.
Under LSA-C.C.P. art. 1974, the delay for applying for a new trial is three days, exclusive of holidays. Because the Defendant was personally served, the delay commenced to run the day after the default judgment was signed. LSA-C.C.P. arts. 1913, 1974.
The record shows that a default judgment was confirmed against Defendant on December 30, 1964. The three legal days for applying for a new trial were Thursday, December 31, 1964; Monday, January 4, 1965 and Tuesday, January 5, 1965. Therefore the delay for perfecting a devolutive appeal commenced on January 6, 1965 and ended on April 5, 1965. The record further shows that Defendant did not file the appeal bond until April 6, 1905, the 91st day after the delay for applying for a new trial had expired, or one day too late.
*654 In opposition to the motion to dismiss, Defendant makes two contentions:
(1) The motion to dismiss was not made within the time required by LSA-C.C. P. art. 2161 which reads as follows:
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.” LSA-C.C.P. art. 2161.
It has been held-that the above article is inapplicable when the defect is failure to timely file an appeal bond because this defect destroys the right to appeal; therefore the first paragraph of LSA-C.C.P. art. 2161 applies and the appeal may be dismissed at any time. LSA-C.C.P. art. 2162 provides inter alia:
“An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if under the rules of the appellate court, the appeal has been abandoned.” LSA-C.C.P. art. 2162.
See Britt v. Brocato, La.App., 170 So.2d 516 and the cases cited therein.
(2) Defendant’s second contention is that the record is incorrect and the Defendant actually filed the appeal bond on April 5, 1965, the 90th day, but the clerk of court did not record it as having been filed until April 6, 1965, the 91st day. However, in his affidavit filed in support of his position, Defendant’s attorney admits that he has no independent recollection of the date upon which he filed the bond and states that his interviews with the personnel of the clerk’s office reveal that they have no independent recollection of the date upon which it was filed. The attorney further states that because Judge Rudolph M. McBride, of the Twenty-Fifth Judicial District Court, customarily holds court in St. Bernard Parish, at Chalmette, on Tuesdays, he seldom, if ever, plans any work at the Plaquemines Parish courthouse on that day and therefore it is unlikely that he would have transacted any business there on Tuesday, April 6. His other evidence proves nothing. It consists of his diary which, on April 5, shows the Defendant’s name “Willis” in the list of clients for the day, with no notation entered beside the name; the diary page for April 6 is blank.
Because Defendant has no substantial evidence that he did file the appeal bond on April 5, 1965, the record of the clerk of court will be taken as true, there being no serious showing to the contrary. Danna v. Yazoo & M.V.R. Co., La.App., 154 So. 365. Therefore we must conclude that the bond was filed on April 6, 1965, one day too late, and because the Defendant has not timely appealed, the appeal is dismissed.
Motion granted and appeal dismissed.