ON MOTION TO DISMISS AN APPEAL
REID, Judge.
Plaintiff originally brought suit against defendant on a promissory note and obtained a judgment by default, which judgment was signed on January 7, 1965. A motion for a new trial was filed by the defendant on March 4, 1966 and the rule to show cause was issued returnable on March 21, 1966 why the judgment should not be set aside. This rule was continued until April 7, 1966. Notice of the rendition and signing of the default judgment was' not served on the defendant until April 23, 1966 which was after the motion for a new trial had been filed.
The Lower Court on May 6, 1966 rendered and signed a judgment cancelling the inscription of the original judgment by default, annulling same and ordering a new trial. Plaintiff appealed devolutively from this judgment granting a new trial on August 4, 1966, and the Court fixed the appeal bond at $150.00. Notice of the judgment granting the new trial was served on plaintiff by mail to his attorney of record, Jodie Stout, on May 18, 1966. The plaintiff then filed a cash appeal bond in the amount of $150.00 on September 13, 1966. The appeal was lodged in this Court •on September 14, 1966, and defendant Knost on February 16, 1967 filed a motion to dismiss this appeal on the grounds that the bond was filed more than 90 clear days ■after notice.
It was conceded in the argument of the motion by attorney for the plaintiff that the bond had been filed too late. Since the notice' of. judgment was served bn plaintiff on May 18, 1966, ninety days thereafter would be August 18, 1966. The bond not being filed until September 13,' 1966 was clearly filed after the delays for the appeal had expired.
Where no appeal bond of appellant is filed until more than ninety days after the expiration of the delay for applying for a new trial, appellant’s appeal is not timely perfected. See Article 2087 Louisiana Code of Civil Procedure; Langston v. Willie, La.App., 179 So.2d 653; Agricultural Enterprises, Inc. v. McPhearson, La.App., 160 So.2d 451; Wulff v. Mayer, La.App., 144 So.2d 246; Rolston v. Lafayette Concrete Pipe Co., Inc., La.App., 144 So.2d 924; and Britt v. Brocato, La.App., 170 So.2d 516, Writ Refused; 247 La. 618, 172 So.2d 701.
'For these reasons the motion to dismiss the appeal' of the plaintiff Loftin is hereby sustained and said appeal is dismissed at the cost of the appellant.
Motion to dismiss appeal sustained and appeal dismissed.