HAMLIN, Justice:
 

 Pan American Petroleum Corporation filed suit on June 8, 1961, against Roland Cocreham, Collector of Revenue, State of Louisiana (hereinafter referred to as the Collector), in which it prayed for judgment decreeing the nullity of a tax assessment levied against it for the years 1956 and 1957 and return of $3,812.00, together with interest, paid in accordance with LSA-R.S. 47:1576 (Payment of tax under protest).
 

 On May 10, 1967, the trial judge signed a judgment rendered in favor of the Collector on April 26, 1967, dismissing the action at plaintiff’s cost. The record does not show that a new trial was applied for.
 

 The trial court granted a devolutive appeal to plaintiff on July 24, 1967, re-
 
 *708
 
 tamable in the Supreme Court on September 15, 1967. On September 7, 1967, plaintiff filed an appeal bond in the amount of $250.00 in the district court. The record was filed in this Court on September 13, 1967.
 

 On November 8, 1967, the Collector filed in this Court a MOTION TO DISMISS DEVOLUTIVE APPEAL FOR FAILURE OF PLAINTIFF-APPELLANT TO PERFECT APPEAL IN 90 DAYS. He argues that the appeal should be dismissed under Article 2087 of the Code of Civil Procedure
 
 [1]
 
 and the cases of Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144, and Midwestern Fire & Marine Insurance Co. v. Miller, 143 So.2d 757.
 
 [2]
 
 The Collector contends that under Article 2087 of the Code of Civil Procedure the appeal bond should have been filed within ninety days of May 10, 1967, and that since it was not furnished until September 7, 1967 (more than ninety days after May 10, 1967) the appeal should be dismissed with prejudice as of August 11, 1967.
 

 
 *710
 
 Plaintiff-appellant argues that “the failure to file an appeal bond timely should be held to be a defect imputable to the appellant under Article 2161 of the Code of Civil Procedure with respect to which a motion to dismiss must be filed within the period provided and that appellee’s motion to dismiss, filed fifty-six days after the record on appeal was lodged in this court should be denied.”
 

 Article 2161 provides that an appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable. to the appellant. It further provides that a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day of the date on which the record on appeal is lodged in the appellate court, whichever is later. Plaintiff-appellant therefore contends that the Motion to Dismiss was not timely filed.
 

 In Langston v. Willis, 179 So.2d 653, the Court of Appeal stated that Article 2161 of the Code of Civil Procedure is inapplicable when the defect is failure to timely file an appeal bond because this defect destroys the right to appeal. See Loftin v. Knost, La.App., 197 So.2d 910; Succession of Jackson, La.App., 198 So.2d 749. A short time later, in Orell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710, this Court conclusively held:
 

 “Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary, we consider it to be now well settled that the failure to perfect an appeal by the timely filing of the appeal bond is jurisdictional and that the appellate court can never acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law. * * * ”
 

 In the light of the above authorities, we find that plaintiff’s failure to timely file an appeal bond within the requirements of Article 2087 of the Code of Civil Procedure, supra, destroys its right of appeal, and its appeal must therefore be dismissed. See, Article 2162 of the Code of Civil Procedure.
 

 For the reasons assigned, the Motion to Dismiss Appeal is sustained and the appeal is dismissed at the cost of appellant.
 

 [1]
 

 . Article 2087 of the Code of Civil Procedure provides:
 

 “Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
 

 “ (1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
 

 “(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
 

 “ (3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
 

 “When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolutive appeal in the ease, whichever is later.” Act 92 of 1962.
 

 Article 1974 of the Code of Civil Procedure provides:
 

 “The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
 

 “When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” Act 23 of 1961.
 

 [2]
 

 . In the Mount Olive Baptist Church case, this Court stated, “ * * * The time limit of one year, allowed by article 593 of the Code of Practice, [Source of Art. 2087 of the Code of Civil Procedure] for the taking of a devolutive appeal, is the limit of time in which the taking of the appeal must be completed by the filing of the appeal bond, in cases where a bond is required by law and by the order granting the appeal, as in this case. * * * ”
 

 In the Midwestern Eire case, the Court of Appeal stated, “ * * * The delay for taking the present appeal commenced to run on the date of the judgment in open court denying the new trial, not on the date the written reasons for such judgment were filed.”