On Motion to Dismiss Appeal
En Banc.
SAVOY, Judge.
This matter is before this Court on a motion to dismiss the appeal obtained by plaintiff-appellee only insofar as quantum is involved.
Judgment was rendered in favor of plaintiff in the instant case for a money judgment and was signed on September 9, 1969.
On September 22, 1969, defendants-appellants were granted an appeal, and bond was furnished on that date.
On December 8, 1969, plaintiff-appellee filed a petition for appeal, complaining of the quantum awarded him as being inadequate. On December 8, 1969, the court granted plaintiff a devolutive appeal upon his furnishing bond in the sum of $500.00. On February 25, 1970, appellants filed a motion to dismiss the appeal on the basis that as of February 18, 1970, plaintiff had not filed a bond in the case; nor had he made the necessary deposit with this Court. This was verified by the office of the Clerk of Court of St. Landry Parish, Louisiana, by certificate dated February 18, 1970.
We are of the opinion that the motion to dismiss the appeal is good. In an article *96 in 29 Louisiana Law Review at page 269, Judge Albert Tate, Jr. made the following observations:
“On reading the procedural decisions of the past year, one is struck by two errors which account for the dismissal of over seven percent of these appeals (and of almost two percent of all appeals).
The first and most serious concerns a misunderstanding as to when a devolu-tive appeal bond must be filed. The bond must be filed within the delay required to perfect the appeal, ninety days after the judgment becomes final in the trial court. That is, not only must the order of appeal be taken within the delay, hut also the security to perfect it must be filed within this period. Despite this requirement of our law, in twelve instances last year the appeal bond was filed after the delay expired, in the mistaken belief apparently that, after timely securing his order granting the appeal, the appellant need not file his bond until the ‘return day’ (the date fixed by the order granting the appeal for the clerk to file the appellate record in the appellate court). This mistake is fatal, for the appeal is an absolute nullity and forever lost unless the appeal bond is timely filed.”
Our Supreme Court reiterated the rule of law in Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79.
Having failed to perfect his appeal within ninety days from the finality of the judgment in the district court in the instant case, the appeal taken by plaintiff is dismissed.
Appeal of plaintiff is dismissed.