ON REHEARING
We granted a rehearing, limited to the question of whether the appeal was timely perfected.
The issue is whether an appeal is timely perfected, where the order for the appeal is signed within the delay for taking the appeal, the required bond is not posted within the delay, but after the de *608 lay expires, the appellant secures an amendment to the order for appeal dispensing with the bond and allowing the appeal to be taken in forma pauperis.
The relevant facts are that a judgment awarding alimony to the plaintiff wife was rendered on January 2, 1973. No application for a new trial was filed. On February 5, 1973 the district judge signed an order granting a devolutive appeal, conditioned upon the defendant furnishing bond in the sum of $250. That was the last day of the 30-day delay for taking a devolutive appeal from an alimony judgment, LSA-C.C.P. Articles 3943, 3942 and 2087. No bond was posted. Instead, on February 20, 1973, which was after the 30-day delay expired, the district judge signed an order amending the prior order for appeal, so as to dispense with the bond and allow defendant to take the appeal in forma pau-peris.
Our jurisprudence is established that the failure to perfect an appeal by timely filing the appeal bond is jurisdictional, and the appellate court does not acquire jurisdiction of an appeal unless the bond is filed within the time prescribed by law, Pan-American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968) and the cases cited.
Defendant cites no cases which support his contention. The rationale of our jurisprudence indicates that such an attempt to extend the delay for perfecting an appeal is not permitted. In addition to the jurisprudential rule stated above, there are cases which hold that an attempt to extend the statutory delay for appealing will be held invalid, Succession of DeHart, 272 So.2d 781 (3rd Cir. 1973). Also, the time limit for taking an appeal cannot be extended, even by agreement of the parties, David v. Department of Public Safety, 261 So.2d 347 (1st Cir. 1972).
We think the rationale of this jurisprudence is sound. To hold otherwise would cause indefiniteness in the delays for taking appeals.
We conclude the appeal was not timely perfected and that this court lacks jurisdiction of the appeal. We may, on our own motion, dismiss the appeal, Siracusa v. Kramer, 271 So.2d 546 (1st Cir. 1972).
For the reasons assigned, our original decision is recalled and set aside. Defendant’s appeal is dismissed at his cost.
On rehearing, original decision recalled and appeal dismissed.