289 So.2d 875 (1974)
Verley FREEMAN and Tana Mae Freeman, Plaintiffs-Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY and Murphy Clophus, Defendants-Appellees.
No. 4436.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1974.
Shelton & Cline by James M. Miller, Jr., Rayne, for plaintiffs-appellants.
Hall, Raggio & Farrar by Reginald W. Farrar, Jr., Lake Charles, for defendants-appellees.
Before FRUGÉ, CULPEPPER, and DOMENGEAUX, JJ.
PER CURIAM.
This is a suit for damages resulting from an automobile collision. Plaintiff, Tana Mae Freeman, has appealed the judgment rendered on June 1, 1973. A devolutive appeal was granted on September 4, 1973. The appeal was conditioned upon the furnishing of bond in the amount of $800. A cash bond was filed on September 7, 1973, with the Clerk of Court for the Parish of Jefferson Davis.
We dismiss the appeal ex proprio motu as we are of the opinion that it has not been properly perfected. The relevant facts of the case at hand show that an amended judgment was granted on June 1, 1973. June 1, 1973, was a Friday, therefore, the three day delay for applying for a new trial did not commence to run until the following Monday and expired on Wednesday, June 6, 1973. The order of appeal was granted on September 4, 1973, the 90th day after the expiration of the delay for applying for a new trial.
Louisiana Code of Civil Procedure Article 2087 provides the delay for taking a devolutive appeal. It provides in pertinent part:
"... an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days: ..." (Emphasis ours). As Amended Acts 1962, No. 92, § 1.
Article 2088 of the Louisiana Code of Civil Procedure provides:

"The jurisdiction of the trial court over all matters in the case reviewable under *876 the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal." (Emphasis ours). As amended by Acts 1964, No. 4, § 1, Acts 1968, No. 128, § 1.
The cash bond was not filed until September 7, 1973. The failure to timely file the appeal bond is jurisdictional. An appellate court does not acquire jurisdiction unless the bond is filed within the time prescribed. Article 2088, Louisiana Code of Civil Procedure; Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968) and cases cited therein.
Accordingly, the appeal is dismissed at appellant's costs.
Appeal dismissed.