295 So.2d 866 (1974)
Albert J. BALDO
v.
Lester J. THIBODEAUX.
No. 6248.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1974.
Jesse S. Guillot, New Orleans, for plaintiff-appellant.
*867 Norman Mopsik, New Orleans, for defendant-appellee.
Before SAMUEL, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Defendant filed a motion to dismiss plaintiff's devolutive appeal as untimely. Though untimely filed, we consider the defendant's motion to dismiss under our appellate rules. LSA-C.C.P. Articles 2161 and 2162; Rule VII, § 5(c), Uniform Rules, Courts of Appeal.
Our examination of the record discloses the following chronology of events pertinent to a disposition of the motion to dismiss.
After trial on the merits, the case was taken under advisement. Subsequently, on March 26, 1973 the district court rendered judgment in favor of defendant and on that date mailed a copy of the judgment to counsel for all parties. Plaintiff filed an application for new trial on April 2, 1973, which was submitted to the court on May 25, 1973 on an apparent oral joint stipulation of counsel and subsequently supplemented by the written joint stipulation of counsel dated May 17, 1973 and filed on June 7, 1973, as to how plaintiff would testify at a hearing on the application for new trial. The application for new trial was denied on July 2, 1973 and a copy of the judgment was mailed to counsel for the parties on the same day. Plaintiff's motion for appeal was filed on September 4, 1973 and the return day originally fixed for October 10, 1973. Several extensions of the return date were granted. Plaintiff's appeal bond dated September 25, 1973 was filed on October 10, 1973.
Code of Civil Procedure article 1974 provides that the three days, "* * * delay [for applying for a new trial] commences to run on the day after the clerk has mailed, * * *, the notice of judgment required by Article 1913." March 27, 28, 29, 30, 1973 were judicial days. To toll the ninety (90) days devolutive appeal period the application for a new trial must be timely made. The trial court is powerless to extend or enlarge the delay within which to apply for a new trial. Gottsabend v. Aetna Casualty and Surety Co. 273 So.2d 637, 639 (La.App. 4th Cir. 1973). Plaintiff's application for a new trial filed on April 2, 1973 was untimely. Accordingly, the ninety (90) days delay for taking a devolutive appeal commenced on March 30, 1973 and expired on June 27, 1973. LSA-C.C.P. Article 2087.
For the foregoing reasons, the appeal is dismissed.
Dismissed.