WATSON, Judge.
We dismiss this appeal on our own motion, since the devolutive appeal bond was not timely filed.
Plaintiff’s motion for summary judgment was granted by the trial court and a judgment was signed September 17, 1973. A certificate of the clerk of court shows that on September 19, 1973, notice of judgment was mailed to all parties. There was no application for a new trial. On September 25, defendant’s motion for a devolutive appeal was granted conditioned upon his furnishing bond in the sum of $250. The bond was not furnished until March 15, 1974.
LSA-C.C.P. art. 2087 provides that a de-volutive appeal must be taken within 90 days of the expiration of the delay for applying for a new trial, if no application for a new trial is timely made. In this case, there was no application for a new trial. '
LSA-C.C.P. art. 1974 provides that the delay for applying for a new trial shall be three days, exclusive of legal holidays, beginning on the day after judgment is signed, except where notice is required under Article 1913. When notice is required, the delay for applying for a new trial commences to run on the day after the clerk has mailed the notice of judgment. In the present case the notice of judgment was *283 mailed on September 19, 1973. Therefore, the period for applying for a new trial commenced on September 20, 1973, and ended on September 24, 1973. The 90 day delay for perfecting a devolutive appeal commenced on September 25, 1973 and expired on December 24, 1973. This appeal was not perfected until March 15, 1974, when the appeal bond was furnished. This was too late.
Where the required bond for a de-volutive appeal is not filed within the 90 day delay, there is no right to appeal; the jurisdiction of the appellate court does not attach; and the appeal must be dismissed. If there is no motion to dismiss the appeal, it must be dismissed on the court’s own motion. LSA-C.C.P. arts. 2087, 2088, 2162; Courts of Appeal-Uniform Rules, Rule VII, Section 5(c); Wright v. Mark C. Smith & Sons, 283 So.2d 85 (La.1973); Bettencourtt v. Boyd, 209 So.2d 339 (La. App. 1 Cir. 1968); Dion v. Knap, 242 So.2d 847 (La.App. 1 Cir. 1970); Langston v. Willis, 179 So.2d 653 (La.App. 4 Cir. 1965).
For the reasons assigned, defendant’s appeal is dismissed at appellant’s costs.
Appeal dismissed.