297 So.2d 219 (1974)
Fred Mills BARDON, Plaintiff, Appellant,
v.
Patricia Ann LEDOUX et al., Defendants, Appellees.
No. 4629.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1974.
Rehearing Denied July 18, 1974.
*220 John W. Johnson, Eunice, for plaintiff-appellant.
Donald L. Mayeux, Eunice, for defendant-appellee.
Before HOOD, MILLER, and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff Fred Mills Bardon appeals the judgment awarding custody of his seventh child to his ex-wife, Patricia Ann Ledoux and her parents. We dismiss the appeal ex proprio motu on finding the appeal not timely perfected.
The case was tried January 16, 1974, and judgment was rendered at the conclusion of the trial in favor of defendants. A formal decree to that effect was signed by the trial judge on January 23, 1974. An amended judgment was read and signed by the trial judge on January 28, 1974, and notice of the signing of this judgment was mailed to Bardon's attorney the same day.
On February 13, 1974, Bardon moved for and was granted an appeal to this court. The appeal was made returnable to this court and the bond for appeal was set at $1,000. The appeal bond was not filed until April 15, 1974. The record was lodged in this court on April 17, 1974.
Articles 3942 and 3943 of the Louisiana Code of Civil Procedure provide that an appeal from a judgment granting a separation from bed and board, custody or alimony can be taken only within 30 days from the applicable date provided by Article 2087(1)-(3). Article 2087 provides, insofar as is here applicable, that if no application has been timely filed, the 30 day period allowed for taking an appeal begins to run at the expiration of the delay for applying for a new trial. Neither party applied for a new trial in this case, and that delay expired three days, exclusive of holidays, after the amended judgment was signed. LSA-C.C.P. art. 1974.
The 30 day period allowed for taking an appeal in this case commenced February 1, 1974, and expired March 4, 1974. To timely perfect the appeal it was necessary for Bardon to furnish security therefor, or to file the appeal bond, by March 4, 1974. LSA-C.C.P. art. 2087; Vignes v. Vignes, 236 So.2d 582 (La.App. 1 Cir. 1970); McNeill v. McNeill, 257 So.2d 767 (La. App. 4 Cir. 1972). Since the appeal bond was not filed until April 15, 1974, the delay allowed for perfecting the appeal elapsed.
The jurisdiction of the trial court is not divested, and that of the appellate court does not attach, unless the appeal bond is timely filed in the trial court. LSA-C.C.P. art. 2088; Orrell v. Southern Farm Bureau Casualty Ins. Co., 248 La. 576, 180 So.2d 710 (1965); Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968). Since the appeal bond was not timely posted, we have no jurisdiction, and the appeal is dismissed. Costs are assessed to plaintiff appellant.
Appeal dismissed.