ON MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
State Farm Mutual Automobile Insurance Company, the defendant-appellee in the above-captioned suit, moves to dismiss the appeal of the plaintiff-appellant, Percy Moore, on the grounds that the appellant has failed to timely perfect his appeal by timely posting his appeal bond. The motion is unopposed. We dismiss.
Formal judgment was rendered in this matter on November 20, 1973, and notice of judgment was mailed to all counsel of record on November 21, 1973.
On February 14, 1974,'the plaintiff orally moved for and was granted a devolutive appeal. The appeal was made returnable to this court on April 12, 1974, and the appeal bond was set at $100.00. Plaintiff-appellant did not file his bond until June 10, 1974. The record, after three requests for extensions of the return date by the Clerk, was finally lodged with this court on July 1, 1974.
No request for a new trial having been made in this case, appellant’s time for perfecting his appeal under Article 2087(1) LSA-C.C.P. began to run on November 26, 1973, and expired on February 24, 1974. Thus, though the defendant timely moved for his appeal, he did not perfect it by timely posting his bond by February 24, 1974. Bond was not posted until June 10, 1974.
The failure to timely file the appeal bond is jurisdictional. An appellate court does not acquire jurisdiction unless the bond is filed with in the time prescribed. Article 2088 LSA-C.C.P.; Pan American Petroleum Corporation v. Cocre-ham, 251 La. 705, 206 So.2d 79 (1968), and cases cited therein.
Accordingly, the appeal is dismissed at appellant’s cost.
Appeal dismissed.