SAMUEL, Judge.
This is an appeal taken by the husband from a judgment ordering him to pay $150 per month for the support of his wife and minor child during the pendency of his suit for a separation from bed and board. Following lodging of the record, we found an apparent defect which indicated a lack of jurisdiction on the part of this Court. Accordingly, on our own motion we ordered the appellant to show cause why his appeal should not be dismissed.
The rule to show cause why the appellant should not be condemned to pay for the support of his wife and child was heard in the trial court on September 10, 1974. The trial was concluded on the same date. At its conclusion the trial judge ordered payment as subsequently contained in the judgment appealed from. The order was given orally from the bench. The judgment appealed from was read, rendered and signed on October 11, 1974. There was no request of record for notice of the date when the judgment was signed, no such notice was mailed and there was no application for a new trial.
On the same date of rendition of judgment, October 11, 1974, the appellant filed his petition for appeal and the appeal order was signed. The order required the furnishing of an appeal bond in the amount of $250. The required bond was filed on December 9, 1974.
As they apply to this case the pertinent Code of Civil Procedure Articles (3943, 3942, 2087(1), 1974 and 1913) provide that an appeal from a judgment of custody or alimony can be taken only within thirty days and that delay for taking the appeal begins to run upon the expiration of the delay for applying for a new trial when no application for a new trial has been filed timely. As the delay for applying for a new trial is three days, exclusive of legal holidays, the delay for taking the appeal in the instant matter began on October 17, 1974.
*697 Jurisdiction vests in this court only when the appellant both has obtained an order of appeal and has filed the appeal bond in the trial court within the thirty day period.[1] Thus the appeal bond filed herein on December 9, 1974 clearly was not filed timely and the appeal must be dismissed for lack of jurisdiction.
For the reasons assigned, it is ordered that the appeal of Larry Ward Brasher be and the same is dismissed at his cost.
Appeal dismissed.

. Malone v. Malone, 282 So.2d 119 (La., 1973) ; Bardon v. Ledoux, 297 So.2d 219 (La.App., 1974) ; Castille v. Castille, 221 So.2d 834 (La.App., 1969).