ON MOTION TO DISMISS THE APPEAL
CULPEPPER, Judge.
The plaintiff-appellee, Julius F. Ferina, moves to dismiss the appeal of the defendant-appellant, Edward Howard.
The pertinent facts, briefly stated, are as follows: Formal judgment was rendered in this matter on February 17, 1975, and on February 21, 1975 the defendant-appellant, Edward Howard, filed a motion for a new trial, which motion was heard and denied *836 on March 7, 1975. On April 7, 1975, the defendant-appellant moved for and was granted a devolutive appeal to this Court from the trial court’s judgment denying the defendant-appellant’s motion for a new trial. Bond was set at $1,000, and the appeal was made returnable to this Court on June 5, 1975. The appeal has not yet been lodged with this Court.
The plaintiff-appellee contends the defendant-appellant has failed to perfect his appeal by timely posting an appeal bond. In support of this contention, the plaintiff-appellee has attached the affidavit of Ms. Lucy F. St. Amand, Deputy Clerk of Court, St. Landry Parish, which states, in essence, that as of July 7, 1975 no appeal bond had been posted.
It is well settled that the failure to timely file the appeal bond is jurisdictional, and that the appellate court does not acquire jurisdiction unless the bond is filed within the appropriate delays. Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So. 79 (1967), and cases cited therein; Daniels v. Soileau, 311 So.2d 638 (La.App. 3rd Cir. 1975); Moore v. State Farm, 297 So.2d 779 (La.App. 3rd Cir. 1975); Freeman v. Liberty, 289 So.2d 875 (La.App. 3rd Cir. 1974).
LSA-C.C.P. Article 2087 provides in pertinent part that a devolutive appeal may be taken, and the bond furnished, within 90 days of:
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.” '
There is no showing as to whether defendant requested or received a notice, as provided by Article 1914, of the court’s refusal to grant a new trial. Nevertheless, defendant’s motion for a devolutive appeal shows he mailed a copy thereof to opposing counsel on April 2, 1975. Hence, he had notice at least by that date. Giving defendant every benefit of the doubt, the 90-day delay started on April 3 and ended on July 1, 1975. The clerk’s certificate shows no bond was filed as of July 7, 1975. Hence, the appeal was not timely perfected and must be dismissed.
For the reasons assigned, the appeal of the defendant-appellant is hereby dismissed at his cost.
Appeal dismissed.