MILLER, Judge.
Plaintiff appellee Prosper Frank, Jr. moves to dismiss the appeal of defendant appellant The Travelers Insurance Company contending appellant failed to perfect their devolutive appeal by timely posting the appeal bond. We dismiss the appeal.
The trial court judgment was signed April 24, 1975 and notices of judgment were mailed to the parties that same date. Travelers was granted a devolutive appeal on July 8, 1975 conditioned on their filing a $1,000 appeal bond. The appeal bond was filed August 16, 1975.
Since Travelers did not apply for a new trial, the delays for perfecting the devolu-tive appeal are ninety (90) days commencing with the expiration of the delay for applying for a new trial. LSA-C.C.P. 2087(1). The delay for applying for a new trial is seven (7) days, exclusive of legal holidays, and these delays commence the day after the clerk mails the notice of judgment required by LSA-C.C.P. 1913. LSA-C.C.P. 1974.
This case having been taken under advisement, the required notices of judgment were mailed April 24, 1975. Accordingly, the seven day delay for applying for a new trial commenced April 25, 1975 and expired May 5, 1975 (April 26, 27, and May 3, 4 being legal holidays). The ninety (90) day period for taking a devolutive appeal commenced May 6, 1975 and expired August 4, 1975 (August 3 being a legal holiday), twelve days prior to the date the appeal bond was filed.
The appellate court’s jurisdiction attaches on the timely filing of the appeal bond. LSA-C.C.P. 2088. Since the appeal bond was not timely filed, this court has no jurisdiction. Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968); Freeman v. Liberty Mutual Insurance Company, 289 So.2d 875 (La.App. 3 Cir. 1974).
The appeal is dismissed at appellant’s costs.
Appeal dismissed.