SAMUEL, Judge.
This is an appeal taken by the wife from a judgment awarding her husband a divorce on the ground of living separate and apart for a period of two years and denying her demand for alimony. Following lodging of the record, we found an apparent defect indicating a possible lack of jurisdiction on the part of this Court. Accordingly, on our own motion we ordered the appellant to show cause why her appeal should not be dismissed.
The case was tried on June 26, 1975, the judgment was rendered and signed June 30, 1975 and notice of the signing of the judgment was mailed to both counsel on June 30, 1975. There was no application for a new trial. On July 25, 1975 appellant filed her motion for appeal which was granted July 28, 1975. The order of appeal required furnishing a bond in the amount of $250. The bond was not furnished until September 26, 1975.
Plaintiff contends her suit is governed by Code of Civil Procedure Article 2087, which allows a ninety day period for the perfection of appeals, as opposed to LSA-C.C.P. Arts. 3943, 3942, 2087(1), 1974 and 1913, which allow a thirty day period of appeal in cases involving divorce, separation and alimony. It is her position that the former article is pertinent here because the issue of fault as it relates to alimony is separate from other issues involved in a divorce proceeding and on this appeal. We do not agree.
The thirty day appeal period is applicable here. We can have jurisdiction in this proceeding only when the appellant has both obtained an order of appeal and has filed the appeal bond within the thirty day period.[1] That thirty day period began to run upon the expiration of the delay for applying for a new trial. As the seven day delay (exclusive of legal holidays) for applying for a new trial commenced to run on July 1, 1975, and as the required appeal bond was not posted until September 28, 1975, the bond clearly was not furnished timely and the appeal must be dismissed for lack of jurisdiction.[2]
For the reasons assigned, it is ordered that the appeal of Mrs. Elvera Wilson En-trekin be, and the same is hereby, dismissed.

Appeal dismissed.

. Brasher v. Brasher, 309 So.2d 695 (La.App.1975); Malone v. Malone, 282 So.2d 119 (La.1973); Bardon v. Ledoux, 297 So.2d 219 (La.App.1974); Castille v. Bastille, 221 So.2d 834 (La.App.1969).

. Code of Civil Procedure Articles 3943, 3942, 2087(1), 1974 (as amended by Act 520 of 1974) and 1913.