ON MOTION TO DISMISS APPEAL
WATSON, Judge.
The plaintiff-appellee, Kaplan & Associates, Inc. moves to dismiss the appeal of the defendant-appellant, Coastal Air Conditioning and Electrical Works, Inc., on the grounds that the defendant-appellant failed to timely post its appeal bond.
We dismiss defendant-appellant’s appeal.
Judgment was rendered in this matter on June 4, 1975, and notices of judgment were mailed to all parties on June 10, 1975. On June 19, 1975, the defendant-appellant timely filed a Motion for a' New Trial which was heard on July 21, 1975 and taken under advisement. On August 4, 1975 judgment was rendered denying the defendant-appellant’s Motion for a New Trial and Notices of this judgment were mailed to all parties on August 4, 1975.
On October 31, 1975 the defendant-appellant moved for and was granted a de-volutive appeal to this court. The devolu-tive appeal bond was set for $500.00, which the defendant-appellant did not file until December 29, 1975.
Article 2087(3) provides that a devolu-tive appeal must be taken within ninety (90) days of the date of the mailing of notices of the court’s refusal to grant a timely application for a new trial. Notices of the trial court’s judgment denying the defendant-appellant’s Motion for a New Trial were mailed to all parties on August 4, 1975 and, therefore, the ninety (90) day period provided by LSA-C.C.P. art. 2087(1) for taking a devolutive appeal commenced to run on August 5, 1975, and expired on November 3, 1975 [November 2, 1975 being a legal holiday], fifty-six (56) days prior to the defendant-appellant’s filing its appeal bond.
The defendant-appellant’s appeal must, therefore, be dismissed, for it is well settled that an appellate court does not acquire jurisdiction of a devolutive appeal unless the bond is filed within the time prescribed. Pan-American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968) and cases cited therein; Freeman v. Liberty Mutual Insurance Co., 289 So.2d 875 (La.App.3rd Cir. 1975).
APPEAL DISMISSED.