*126 ON MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
The plaintiff-appellee, R. A. McQuillin, moves to dismiss the appeal of the defendant-appellant, Edgar Ezernack, on the grounds that the appellant failed to perfect his appeal by timely posting his appeal bond.
We dismiss defendant-appellant’s appeal.
The pertinent facts, briefly stated, are as follows: this is a suit filed by the plaintiff-appellee against the defendant-appellant for a sum of money alleged to be due to the plaintiff from the defendant. The case was tried on September 16, 1975, and taken under advisement. On October 30, 1975 judgment was rendered in favor of the plaintiff, and notice of judgment was mailed to all parties on that date. On November 7, 1975 the defendant-appellant moved for a suspensive and/or devolutive appeal, and on November 10, 1975 the trial court signed an alternate order of appeal in favor of the defendant. The devolutive appeal bond was set at $300.00, and the suspensive appeal bond according to law. The return date was fixed at January 10, 1976.
On November 21, 1975 the defendant filed a Motion for a New Trial, which motion was denied on December 9,1975.
Beginning on January 5, 1976, the clerk filed three motions requesting an extension of the January 10 return date, which date was ultimately extended to April 9, 1975. The record was finally filed with this court on March 24, 1976.
The defendant-appellant did not file his appeal bond until March 3, 1976.
Considering the time of filing, and the amount of the bond, it is evident that the appellant herein was not attempting to perfect a suspensive appeal. Article 2087(2), LSA-C.C.P. provides that a de-volutive appeal must be taken and security therefor furnished within 90 days of the timely application for a new trial, as provided for by LSA-C.C.P. art. 1974. If an appellant’s application for a new trial is not timely filed, then he must perfect his appeal within the same delay as if no application for a new trial had been filed. Bielkiewics v. Insurance Company of North America, 201 So.2d 130 (La.App. 3rd Cir. 1967) and case cited therein.
Under LSA-C.C.P. art. 1974 the appellant’s time for applying for a new trial began on October 31, 1975, the day after the clerk mailed the notice of judgment, and expired on November 11, 1975. The appellant’s motion for a new trial having not been made until November 21, 1975, his application was not timely, and hence, his time in which to perfect a devolutive appeal began to run on November 12, 1975, and expired on February 9, 1975. LSA-C.C.P. art. 2087(2).
Since appellant’s bond was not filed until March 3, 1976, his appeal was not timely perfected, and must be dismissed, for it is well settled that an appellate court does not acquire jurisdiction of a devolu-tive appeal unless the bond is filed within the time prescribed. Pan-American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79 (1968) and cases cited therein; Frank v. Travelers Insurance Company, 322 So.2d 834 (La.App. 3rd Cir. 1975); Freeman v. Liberty Mutual Insurance Company, 289 So.2d 875 (La.App. 3rd Cir. 1975).
APPEAL DISMISSED.