HUMPHRIES, Judge.
This is a suit by Joseph S. Zuccaro and William H. Cuthbertson to enjoin permanently the Concordia Parish Police Jury and the Louisiana Department of Highways from resurfacing a road along the top of a levee on their property. Judgment was rendered, in favor of defendants, in open court, on March 19, 1976 at the conclusion of the trial on the merits.[1] At that time, the attorney for the plaintiffs gave oral notice to the District Judge that an appeal would be taken. There is no request of record for notice of the date of the signing of judgment. The judgment was signed on April 9, 1976.
An oral motion for appeal was made on June 1, 1976.[2] The return date for this appeal was July 28, 1976. No bond was ever furnished thus this appeal was never perfected.
A written motion for appeal was filed on July 26, 1976. The order for appeal was signed on August 10,1976. The return date on the written motion for the appeal was August 27, 1976.
We, ex proprio motu, dismiss this appeal for the reason that it has not been perfected. Under the law, a party has 90 days from the expiration of the time for applying for a new trial (none was applied for here) within which to move for and furnish security for a devolutive appeal.
Judgment was rendered on March 19,1976 after a hearing on the merits. The judgment was signed on April 9, 1976. Counting 7 days, exclusive of legal holidays, from the date the judgment was signed, as required by C.C.P. Art. 1974, one learns that the 90 day delay for obtaining an order of appeal and furnishing security therefor commenced running on April 20, 1976 and expired on July 19, 1976. (C.C.P. Art. 2087).
The record reflects that the bond for the appeal was furnished on July 26, 1976, which was six days beyond the date for perfecting the appeal. Failure to furnish security leaves the appeal imperfect and deprives the Court of Appeal of jurisdiction. C.C.P. Arts. 2087, 2088. Freeman v. Liberty Mutual Insurance Co., 289 So.2d 875 (La.App. 3 Cir. 1974).
Costs of appeal are taxed to plaintiff-appellant.
APPEAL DISMISSED.

. Apparently the effect, if any, of R.S. 38:966 was not considered by the Judge or the attorneys.

. The original certified copies of the minutes, filed in the record, do not reveal the date that this oral motion was made. Telephonic contact with the Clerk of Court established that the motion was made on June 1, 1976. Corrected certified copies of the minutes have been received from the Clerk and filed in the record in this court.