DOMENGEAUX, Judge.
Mr. and Mrs. Tucker (appellee and appellant respectively) were judicially separated by a judgment of the Ninth Judicial District Court in and for Rapides Parish, Louisiana, in favor of the wife on the grounds of abandonment (LSA-C.C. 138(5)). She was awarded custody of the couple’s fifteen year old daughter, and $300.00 per month alimony (pendente lite) and child support. After the lapse of one year and sixty days without the institution of divorce proceedings by Mrs. Tucker, her husband filed suit for divorce on the basis that the parties had not reconciled during that period (LSA-R.S. 9:302). The divorce was granted on July 26, 1976, and the husband was ordered to pay the sum of $150.00 per month as child support for the daughter, whose custody was permanently awarded to the wife. The wife’s claim for alimony in the amount of $150.00 per month under Louisiana Civil Code Article 160 was rejected.
The divorce judgment was signed on July 27, 1976, and there was no request that notice of the date of signing be given the defendant. On the following day, July 28, 1976, defendant’s attorney made an oral motion for appeal of the portion of the divorce judgment which denied Mrs. Tucker permanent alimony. The motion was granted. The return date was set for September 27, 1976, and a devolutive appeal bond was fixed in the amount of $250.00. Defendant did not post the appeal bond until September 13, 1976.
We ex proprio motu dismiss this appeal for the reason that it has not been timely perfected. Under the law (C.C.P. arts. 3942-3943), a party has thirty (30) days from the expiration of the time for applying for a new trial within which to perfect an appeal, which includes furnishing the required security. (No new trial was applied for in this case.)
Judgment was rendered on July 26, 1976, after a hearing on the merits. The judgment was signed on July 27, 1976. Counting seven days exclusive of legal holidays from the day judgment was signed, as required by C.C.P.1974, one learns that the thirty day delay for perfecting an appeal from a judgment denying permanent alimony commenced running on August 6, 1976, and expired on September 5, 1976.
The record reflects the bond for appeal was furnished on September 13, 1976, six days after the delay expired. Failure to timely furnish security leaves the appeal imperfect and deprives this court of jurisdiction. C.C.P. arts. 2087, 3942, 3943; Freeman v. Liberty Mutual Insurance Company, 289 So.2d 875 (La.App. 3rd Cir. 1974).
*1299 Accordingly, the appeal is dismissed at appellant’s costs.

APPEAL DISMISSED.