MOTION TO DISMISS
FORET, Judge.
The plaintiff-appellee, Louisiana Offset Printers, Inc., moves to dismiss the appeal of the defendants-appellants, Marion 0. White and Doris White, d/b/a Opelousas LeMonde, as not being timely filed.
We dismiss defendants-appellants’ appeal.
The pertinent facts, briefly stated, are as follows: This is a suit filed by the plaintiff-appellee against the defendants-appellants for a sum of money alleged to be due on an open account. On May 4, 1981, judgment was rendered in favor of the plaintiff in the Opelousas City Court, and notice of judgment was mailed to all parties on that date. On May 12, 1981 defendants filed a motion for a new trial on the grounds that new and additional evidence had been obtained which was unavailable prior to trial. On May 20, 1981, a hearing was held to determine the merits of the new trial. On that same day, a second motion for new trial was filed by defendants. On July 14, 1981, judgment was signed by the trial court denying the motions for new trial on the grounds that the motion for a new trial had not been timely filed.
On August 4, 1981, defendants filed a petition for a suspensive appeal from the judgment of May 4,1981, and on August 26, 1981 filed their appeal bond.
As this is an appeal from the Opelousas City Court the provisions of LSA-C.C.P. art. 4919 and LSA-C.C.P. art. 5003 are applicable here. These articles read as follows:
Art. 4919. New trials; delay
A. After judgment is signed in the parish or city court, a party may make a written request or motion for new trial for any of the grounds provided by Articles 1972 and 1973.
B. The delay for applying for a new trial shall be three days, exclusive of holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.
Acts 1979 No. 46, § 1, eff. Jan. 1, 1980.
Art. 5003. Delay for appeal
A. An appeal from a judgment rendered by a justice of the peace court, a city court, or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. Where an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
Acts 1979, No. 46, § 1, eff. Jan. 1, 1980.
The judgment of the trial court was signed on May 4, 1981 and notice of judgment was mailed the same date. Under LSA-C.C.P. art. 4919, appellants were re *529 quired to apply for a new trial within 3 days from this date. The appellants’ motion for a new trial was not filed until May 12,1981, eight days after the delay had run, and therefore was untimely.
If an application for a new trial is not timely filed, then the appeal must be perfected within the same delay as if no application for a new trial had been filed. McQuillin v. Ezernack, 331 So.2d 125 (La.App. 3rd Cir. 1976); Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La.App. 3rd Cir. 1967).
Under LSA-C.C.P. art. 5003 and the aforementioned jurisprudence, the appellants were required to take their appeal within 10 days from the date of judgment. As this appeal was not taken until August 4, 1981, some 3 months later, it is clearly untimely.
For the above and' foregoing reasons, the appeal is dismissed at the appellant’s cost.
APPEAL DISMISSED.