SCHOTT, Judge.
On our own motion we questioned jurisdiction over this appeal because it appeared it was taken untimely.
The following chronology is pertinent:
July 17,1981 Judgment signed
July 28,1981 Last day for filing application for new trial — C.C.P. Arts. 1973-1974
August 27,1981 Last day to appeal — C.C.P. Art. 3943
October 6,1981 Appeal taken
*1331 Although appellant filed a motion for new trial (rehearing) on August 7,1981, this did not toll the applicable delay for taking the appeal because it was filed beyond the last day permitted under C.C.P. Arts. 1973 and 1974. McQuillin v. Ezernack, 331 So.2d 125 (La.App. 3rd Cir. 1976); Baldo v. Thibodeaux, 295 So.2d 866 (La.App. 4th Cir. 1974).
Accordingly, the appeal is dismissed.