MOTION TO DISMISS
KNOLL, Judge.
The defendants-appellees, John M. Anthony and State Farm Mutual Automobile Insurance Company, move to dismiss the appeal of plaintiffs-appellants, Louis T. Free and Evie Free, alleging that the appeal was taken untimely.
In accordance with the judgment rendered in open court following the hearing of this matter on September 14, 1987, final judgment was signed by the trial court on September 15, 1987. This judgment sustained the peremptory exception of res judicata which had been raised by appellees, and ordered plaintiffs’ suit dismissed without prejudice. Following the hearing on September 14, 1987, plaintiffs did not request notice of the date when the judgment was signed and, therefore, were not entitled to notice of judgment. LSA-C. C.P. Art. 1913.
Appellants filed a Motion for a New Trial on September 28, 1987. The trial court on September 29, 1987, ordered a hearing to be held on October 12, 1987, for appellees to show cause why a new trial should not be granted. On December 10, 1987, notice was sent that the trial court had denied appellants’ motion for a new trial.
Appellants sought a devolutive appeal from the judgment signed on September 15, 1987. The appeal was taken on January 9, 1988. On February 22, 1988, appel-lees moved in this court to dismiss appellants’ appeal as being untimely.
La.Code Civ.Proc. Art. 2087 states, in pertinent part, that:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
According to La. Code Civ.Proc. Art. 1974, appellants had seven days, exclusive of legal holidays to apply for a new trial. Thus, appellants had until September 24, 1987, to motion for a new trial. Instead, the motion for a new trial was not filed until September 28, 1987.
As stated above, the delay for taking a devolutive appeal is interrupted only if the application for a new trial is filed timely. C.C.P. Art. 2087. See also, McQuillin v. Ezemack, 331 So.2d 125 (La. *200 App. 3rd Cir.1976), and Clark v. Rosemond, 371 So.2d 1217 (La.App. 4th Cir.1979). Without a timely motion for new trial, the sixty-day delay for taking a devol-utive appeal in this case expired on November 23, 1987. The appeal in this case was untimely.
Accordingly, the appeal is dismissed. All "costs of appeal are assessed to appellants.
APPEAL DISMISSED.