NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-256

CHRISTOPHER G. BRADFORD, ET AL.

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF CHILDREN
AND FAMILY SERVICES

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2016-3013
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Candyce G. Perret, Judges.

APPEAL DISMISSED.

Leisa B. Lawson
Assistant Attorney General
Louisiana Department of Justice
900 Murray Street, Suite B-100B
Alexandria, Louisiana  71301
(318) 487-5944
Counsel for Defendant/Appellee:
     State of Louisiana, Department of Children and Family Services

**Christopher G. Bradford**
**In Proper Person**
**139 Mac's Road**
**Hessmer, Louisiana  71341**
**(318) 264-2644**
**Plaintiffs**
**Christopher G. Bradford, et al.**

**KEATY, Judge.**

This court, on its own motion, issued a rule for Plaintiff/Appellant, [1] Christopher Bradford, to show cause why this appeal should not be dismissed as untimely filed, citing La.Code Civ.P. arts. 1974 and 2087. Plaintiff filed a response to this court's order. For the reasons assigned, we dismiss the appeal.

Plaintiff filed this tort suit against the State of Louisiana, Department of Children and Family Services. In the course of the action, Defendant filed an Exception of No Cause of Action and an Exception of Lack of Procedural Capacity. On May 29, 2018, the trial court signed a judgment granting these exceptions, but ordered that Plaintiff was afforded thirty days within which to amend the petition to cure these deficiencies.

Plaintiff filed a Motion of Request of an Extension of More Time to Amend Petition for Damages on June 4, 2018. The trial court granted a fifteen-day extension by order signed on June 11, 2018. However, on June 28, 2018, Plaintiff filed a Motion Request for Extension of Time, Motion to Add Two New Defendants, and Motion for Discovery. The trial court signed a formal order denying all three of these motions on June 29, 2018.

On October 9, 2018, Defendant filed a Motion to Dismiss, arguing that Plaintiff's suit should be dismissed for his failure to amend the petition, as ordered, in a timely manner. This motion was set for hearing on November 19, 2018, and on that date, the trial court signed a Judgment of Dismissal which ordered the dismissal

---

[1] The record reflects that the original petition begins, "The petition of Christopher G. Bradford & Ronee Boyer." However, only Mr. Bradford's signature appears on the pleading. Another petition was also filed in this record, and although it, too, lists both Mr. Bradford and Ms. Boyer, it does not have Ms. Boyer's signature. The judgment appealed states that it is dismissing "all claims of plaintiff, Christopher Bradford, individually, and on behalf of, Alyssa Bradford, Sharow Bradford, Alexis Bradford, Willie Bradford, and family[.]" The motion for appeal and the order granting the appeal mention only Mr. Bradford. Therefore, throughout this opinion, this court will refer to Mr. Bradford as the sole Plaintiff/Appellant.

of Plaintiff's suit with prejudice.  Notice of this judgment was sent to Plaintiff on November 19, 2018.

On December 4, 2018, Plaintiff filed a motion seeking a new trial from the judgment of dismissal.  The trial court denied the motion for new trial in open court on January 28, 2019, as provided in its minutes.  On February 22, 2019, Plaintiff filed his motion for appeal which the trial court subsequently granted via signed order of appeal.  The written judgment denying the motion for new trial was signed by the trial court on February 27, 2019, and notice was sent to Plaintiff on this same date.

Louisiana Code of Civil Procedure Article 1974 provides, "The delay for applying for a new trial shall be seven days, exclusive of legal holidays.  The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." Notice of the judgment dismissing Plaintiff's suit was mailed by the trial court's clerk's office on November 19, 2018.  Therefore, the delay for filing a timely motion for new trial expired on November 30, 2018.  Accordingly, Plaintiff's motion for new trial filed on December 4, 2018, was untimely.

Louisiana Code of Civil Procedure Article 2087(A) (emphasis added) provides:

> Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
>
> (1) **The expiration of the delay for applying for a new trial** or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, **if no application has been filed timely**.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

2

Thus, an untimely filed motion for new trial does not extend the delays for seeking an appeal under La.Code Civ.P. art. 2087, even if the trial court does not rule on the motion until after the expiration of the appeal delays. *Nelson v. Teachers' Ret. Sys. of La.*, 10-1190 (La.App. 1 Cir. 2/11/11), 57 So.3d 587; s*ee also Free v. Anthony*, 525 So.2d 198 (La.App. 3 Cir. 1988). Pursuant to La.Code Civ.P. art. 2087, Plaintiff had sixty days from the expiration of the delays for timely filing a motion for new trial within which to file the motion for appeal. Sixty days from November 30, 2018, however, expired on January 29, 2019. Plaintiff's motion for appeal filed on February 22, 2019, was untimely. Therefore, this court hereby dismisses this appeal, with prejudice, at Plaintiff's cost.

**APPEAL DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.